DILLON, Judge.
Keith T. Byrd ("Plaintiff") appeals from the trial court's order granting a directed verdict in favor of Windell S. Somerville ("Defendant"). For the following reasons, we reverse the order and remand the matter for further proceedings.
I. Background
Plaintiff was a passenger in a car being driven by Defendant. As they were traveling down a road, Defendant's vehicle collided with a vehicle being driven by William R. Watson, Jr. Plaintiff commenced this action seeking damages from both Defendant and Mr. Watson. Prior to trial, however, Plaintiff entered into a settlement with Mr. Watson, and Plaintiff's claims against Mr. Watson were dismissed.
Plaintiff's action against Defendant came on for trial. The evidence showed that Mr. Watson was backing his vehicle out of a driveway into the lane in which Defendant's vehicle was traveling. The vehicles collided, with the back left corner of Mr. Watson's vehicle coming in contact with the front right corner (passenger side) of Defendant's vehicle.
There was a conflict in the evidence, however, as to exactly howthe collision occurred. Defendant testified essentially that Mr. Watson's vehicle backed into the side of his vehicle as he was traveling down the road and that he never saw Mr. Watson's vehicle until the collision occurred. Mr. Watson testified that he had already completed backing his vehicle into Defendant's lane of travel and was shifting into "Drive" when Defendant's car collided with the back of his vehicle. For his part, Plaintiff stated that he was not paying attention to the road and did not see the collision.
During the trial, Defendant moved for a directed verdict. After hearing arguments of counsel, the trial court entered an order granting Defendant's motion. Plaintiff appeals from this order.
II. Analysis
Plaintiff argues that the trial court erred in granting Defendant's motion for directed verdict, contending that there was evidence presented from which the jury could have found for Plaintiff. The trial court granted the motion based on its determination that Plaintiff had abandoned one of his theories of the case during argument on the motion and that the evidence could not support a finding for Plaintiff based on Plaintiff's remaining theory of the case. See O'Carroll v. Texasgulf, Inc.,132 N.C.App. 307, 314, 511 S.E.2d 313, 319 (1999) (holding that a counsel's admission during arguments on a motion for directed verdict may constitute a judicial admission). Plaintiff contends that he did not abandon either of his theories during the argument. We agree and, therefore, reverse the trial court's order and remand the matter for further proceedings.
During argument on Defendant's motion for directed verdict, Plaintiff's counsel articulated two theories of the case: First, he stated that Mr. Watson's testimony supported a finding that Mr. Watson had already completed backing into Defendant's lane of travel before Defendant arrived at the point of collision. Based on this finding, the jury could conclude that Defendant was negligent for failing to keep a proper lookout. Second (and alternatively), he stated that Mr. Watson did back into Defendant's vehicle but that Defendant was negligent for failing to take evasive action or slow down, as Defendant's field of vision was not obstructed as he approached the driveway from which Mr. Watson was entering the road. After summarizing these theories during his argument, Plaintiff's counsel made a curious statement that he believed that "Mr. Watson backed into [Defendant's] vehicle," which might suggest that he was abandoning his first (and stronger) theory of the case. The trial court, therefore, asked Plaintiff's counsel whether he was abandoning his first theory by "conceding that Mr. Watson did back his vehicle into [Defendant's] vehicle [,]" to which Plaintiff's counsel responded that he was notconceding either theory.
The trial court then asked Plaintiff's counsel about his second theory, specifically about how Defendant could be found negligent if Mr. Watson backed from a driveway into the side of Defendant's car. Plaintiff's counsel responded that since Defendant's vision was not obstructed, the jury could determine that Defendant was at least one percent negligent based on the second theory.
The trial court again asked Plaintiff's counsel whether he was abandoning his first theory that Mr. Watson was already sitting in Defendant's lane of travel, to which Plaintiff's counsel responded, "Yes, Your Honor," again suggesting that he was abandoning his first (and stronger) theory of the case. The trial court then proceeded to state that based on this concession, he was inclined to grant Defendant's motion for a directed verdict, stating that Plaintiff's second theory of the case did not amount to negligence by the Defendant.
Plaintiff's counsel immediately responded by reminding the trial court that there was evidence that Mr. Watson's car was already stopped in Defendant's lane of travel before Defendant arrived at the point of collision, thereby again arguing his first theory of the case, to which the trial court reminded Plaintiff's counsel that he had just abandoned this theory. Plaintiff's counsel, however, again stated that he was not abandoning either theory but that he was just arguing the second theory in the alternative. He emphatically argued that he was not making any concession about the first theory but rather was merely stating his personalopinion that Mr. Watson probably did back into Defendant. The trial court, though, determined that Plaintiff's counsel didabandon his first theory of the case and, accordingly, awarded Defendant's motion for a directed verdict.
We have carefully reviewed the transcript of the colloquy between the trial court and Plaintiff's counsel. We believe that the trial court was trying to determine whether Plaintiff's counsel was abandoning his first theory of the case when he stated his personal belief that Mr. Watson backed into Defendant's vehicle. We also believe that-given that Plaintiff's counsel had already stated his personal belief as to what happened but that he was not abandoning either theory of the case-Plaintiff's counsel did not intendto abandon his first theory of the case when he responded to the trial court's question, but that he thought he was simply being asked about his personal belief as to what happened. Indeed, Plaintiff's counsel stated a number of times during the colloquy that he was not abandoning either theory. Therefore, based on this miscommunication, we hold it was error for the trial court to grant Defendant's motion for a directed verdict. There is a conflict in the evidence which can only be sorted out by a jury. Accordingly, we reverse the trial court's order and remand the matter for further proceedings.
REVERSED and REMANDED.
Judges STROUD and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by Plaintiff from order entered 17 April 2014 by Judge Brian C. Wilks in Durham County District Court. Heard in the Court of Appeals 19 March 2015.